UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN P. FOREMAN,

    Petitioner

v.

                                  CASE NO. 13-12154
                                  HONORABLE GERALD E. ROSEN

J. A. TERRIS,

    Respondent.
_____/

**OPINION AND ORDER
GRANTING IN PART PETITIONER'S
MOTION TO AMEND HIS HABEAS PETITION,
SUMMARILY DISMISSING THE HABEAS PETITION, AND
DECLINING TO GRANT LEAVE TO APPEAL *IN FORMA PAUPERIS***

Pending before the Court are petitioner Benjamin P. Foreman's *pro se* habeas corpus petition under 28 U.S.C. § 2241 and his motion to amend the petition. Petitioner is an inmate at the Federal Correctional Institution in Milan, Michigan. He was convicted of drug and weapon offenses in the United States District Court for the Western District of Michigan. He alleges in his habeas petition that he should be re-sentenced because he was wrongfully sentenced as a career offender. As explained more fully below, a habeas corpus petition under § 2241 is not a proper remedy for challenging the legality of a sentence or a sentence enhancement. Therefore, the habeas petition must be dismissed.

**I.  Background**

In 2006, Foreman pleaded guilty in the Western District of Michigan to: possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1); possession with intent to distribute

cocaine, 21 U.S.C. § 841(a)(1); and possession of a firearm during, and in furtherance of, a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i).  On September 7, 2006, United States District Judge Robert Holmes Bell sentenced Petitioner to concurrent terms of 240 months (20 years) in prison for the drug convictions and to a consecutive term of sixty months (five years) in prison for the firearm conviction.  Petitioner appealed his convictions, but the Federal Court of Appeals for the Sixth Circuit dismissed his appeal for lack of jurisdiction because Petitioner waived his right to appeal as part of the plea agreement.  *See United States v. Foreman*, No. 06-2192 (6th Cir. Sept. 6, 2007).

In 2008, Petitioner raised several claims in a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Judge Bell denied the motion, *see Foreman v. United States*, No. 1:08-01115, 2010 WL 2854274 (W.D. Mich. July 19, 2010), and the Sixth Circuit declined to issue a certificate of appealability, *see Foreman v. United States*, No. 10-2415 (6th Cir. June 3, 2011).

In 2010, Petitioner moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  Two of his claims challenged the career-offender enhancement to his sentence.  Judge Bell denied relief on three claims, but transferred the other claims, including the claims about the enhanced sentence, to the Court of Appeals as a second or successive motion to vacate sentence.  *See Foreman v. United States*, No. 1:08-01115, 2010 WL 4102544 (W.D. Mich. Oct. 18, 2010).  The Sixth Circuit remanded the transferred claims to the District Court after concluding that the District Court should have considered those claims under Rule 59(e) rather than transfer them to the Sixth Circuit.  *See In re Foreman*, No. 10-2370 (6th Cir. Nov. 1, 2011).  On remand, Judge Bell denied relief because Petitioner's claims could have been raised

in his motion to vacate sentence under 28 U.S.C. § 2255.  *See Foreman v. United States*, No. 1:08-01115 (W.D. Mich. Aug. 14, 2012).  The Sixth Circuit agreed and denied Petitioner's request for a certificate of appealability.  *See Foreman v. United States*, No. 12-2202 (6th Cir. Mar. 13, 2013).  Petitioner filed several additional post-judgment motions, but Judge Bell denied all the motions.

On February 21, 2013, Petitioner filed a *pro se* habeas corpus petition, which was assigned to United States District Judge David M. Lawson.  He alleged that 21 U.S.C. § 841 is unconstitutional and, therefore, his drug convictions should be vacated.  Judge Lawson dismissed the petition with prejudice after concluding that § 2241 was not the appropriate remedy for Petitioner's claim and that his claim also failed on the merits.  *See Foreman v. J.A. Terris*, No. 13-10734 (E.D. Mich. Mar. 20, 2013).

Finally, on May 15, 2013, Petitioner filed the habeas corpus petition in this case.  His sole claim is that he is entitled to be re-sentenced without a career-offender enhancement, because he is actually innocent of one of the state convictions that was used to classify him as a career offender.  Petitioner seeks to have the Court vacate his federal sentence and transport him to the Western District of Michigan in Grand Rapids for re-sentencing.  Petitioner makes the same argument and request for relief in his motion to amend his petition.[1]

---

[1] The motion to amend also brings to the Court's attention the Seventh Circuit's recent decision in *Brown v. Carraway*, No. 12-1439, __ F.3d __, 2013 WL 1920931 (7th Cir. May 10, 2013).  The petitioner in *Brown* alleged in a habeas petition under § 2241 that his prior state conviction for third-degree arson did not qualify as a crime of violence and, therefore, he was not a "career offender" under U.S.S.G. § 4B1.1.  The Seventh Circuit determined that "the district court erred in concluding that challenges to a sentence (rather than the underlying conviction) are categorically barred under 28 U.S.C. § 2241."  *Id.*, 2013 WL 1920931, at *1.  The Seventh Circuit went on to address the merits of Brown's claim and concluded that he was entitled to relief.  It remanded the case to the district court with instructions to reduce Brown's sentence to

## II. Discussion

### A. Legal Framework

Federal prisoners may bring a habeas corpus petition under § 2241 in the district where they are incarcerated if they are challenging the execution of their sentences or the manner in which their sentences are served. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). But the primary mechanism for challenging the legality of a federal sentence or for claiming the right to be released as a result of an unlawful sentence is to file a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the sentencing court. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755-56.

An exception to the rule requiring federal prisoners to challenge the legality of their sentences in a § 2255 motion exists when it "appears that the remedy by motion is inadequate or ineffective to test the legality of [their] detention." 28 U.S.C. § 2255(e).[2] In other words, "a federal prisoner may file a § 2241 petition contesting the legality of his detention only if his claim is such that he cannot obtain effective relief on direct appeal or through a § 2255 motion." *Garcia-Echaverria v. United States*, 376 F.3d 507, 510 (6th Cir. 2004). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective," and

> the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied or because the petitioner is procedurally barred from pursuing relief under § 2255 or because the petitioner has been denied permission to file a second or successive motion to vacate.

---

reflect its finding that he was not a career offender under U.S.S.G. § 4B1.1.

[2] The quoted language is known as the "savings clause" of § 2255.

*Charles*, 180 F.3d at 756 (internal and end citations omitted).

"The circumstances in which § 2255 is inadequate and ineffective are narrow . . . ." *Peterman,* 249 F.3d at 461. "The savings clause may only be applied when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

## B. Application

Petitioner alleges that Judge Bell improperly enhanced his sentence on the basis that he is a career offender under U.S.S.G. § 4B1.1.[3] This allegation is a challenge to the legality of Petitioner's sentence, as opposed to the execution of his sentence or the manner in which he is serving his sentence. Therefore, § 2255, not § 2241, is the proper vehicle for challenging the sentence enhancement. *Kellogg v. Snyder*, 48 F. App'x 114, 115 (6th Cir. 2002).

Petitioner invokes the "savings clause" of § 2255 as justification for the filing of a habeas petition under § 2241. Specifically, he asserts that he is innocent of the state drug charge that served as a predicate offense for the designation of "career offender" in his federal case and, therefore, his sentence was improperly enhanced. In support of this claim, Petitioner has submitted a copy of a state court order that dismissed the prior drug charge in state court.

Petitioner's argument that he is actually innocent of the sentencing enhancement is unpersuasive, because "[t]he 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by [the Sixth Circuit], is 'actual innocence of the underlying, substantive

---

[3] The "career-offender" classification was based on two prior state court convictions, one for delivery or manufacture of less than 50 grams of cocaine and one for assault with intent to do great bodily harm less than murder.

offense, not 'innocence' of a sentencing factor.'" *Green v. Hemingway*, 67 F. App'x 255, 257 (6th Cir. 2003) (quoting *Rumler v. Hemingway*, 171 F. Supp.2d 705, 709 (E.D. Mich. 2001)). Petitioner has not alleged that he is actually innocent of the federal crimes for which he remains incarcerated, and federal court records indicate that the evidence against Petitioner was substantial.[4]

---

[4]The factual basis for Petitioner's guilty plea reads as follows:

> On January 11, 2006, Lansing Police arrested defendant Benjamin Preston Foreman on an open warrant from Nebraska, after observing him depart from 2637 Hopkins, Lansing, Michigan. Foreman presented a false drivers license in the name "Dewayne Anthony Benson". Police searched Foreman incident to his arrest and recovered approximately 10 grams of cocaine base and 60 grams of powder cocaine in several small baggies, a set of keys, and other false identification documents in the name "Dewayne Anthony Benson".
>
> Police obtained a search warrant for 2637 Hopkins, and discovered that one of the keys from Foreman's pocket opened the front door. Other keys from the same key ring fit two locked safes found inside the residence. Inside one safe, police found $7,385 in U.S. currency. In the other, they found 125 grams of cocaine base packaged in five separate bags, 190 grams of powder cocaine in five other bags, and two loaded pistols. A third loaded pistol was found under Foreman's mattress.
>
> A usable fingerprint was lifted from one of the cocaine bags. At trial, the government would call a fingerprint expert to testify that the print was made by Foreman's right thumb.
>
> . . . All three firearms were loaded, with rounds chambered.
>
> Also inside the residence, police found other items associated with narcotics trafficking, including two digital scales, a plate and spoon with cocaine residue, and Inositol powder. If called at trial, a DEA narcotics expert would testify that Inositol is an inert cutting agent commonly used by drug traffickers to "step on" or stretch a supply of powder cocaine.

*United States v. Foreman*, No. 1:06-CR-030 (W.D. Mich. May 16, 2006), ECF No. 24 (Plea Agreement).

Nor does it appear that Petitioner is actually innocent of the state drug charge, which he claims was used to enhance his federal sentence. His state court case was not dismissed for lack of evidence or some other reason related to the merits of the charge. Instead, the reason given for the dismissal of the state case was Petitioner's criminal case in federal court and his sentence of twenty-five years on September 7, 2006. *See* Application for Writ of Habeas Corpus, Ex. B (30th Judicial Circuit Court order of nolle prosequi on a charge of delivery/manufacture of less than fifty grams of a controlled substance).

Furthermore, Petitioner's claim that he is innocent of the "career-offender" enhancement is, in essence, a challenge to the calculation of his sentencing guidelines. The "actual innocence" exception "does not permit prisoners to raise claims about guidelines calculations in a collateral attack," *Gibbs v. United States*, 655 F.3d 473, 478 (6th Cir. 2011), *cert. denied*, __ U.S. __, 132 S. Ct. 1909 (2012), and "[c]laims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 1632 (2013); *see also Kellogg*, 48 F. App'x at 115 (stating that "§ 2255, not § 2241, is the proper vehicle by which [a federal prisoner] should challenge his career offender sentence enhancement").

### III.  Conclusion

Petitioner has not met his burden of proving that a § 2255 motion is an inadequate or ineffective remedy to challenge his sentence. Therefore, his petition for a writ of habeas corpus under § 2241 [Doc. No. 1] is summarily **DISMISSED** without prejudice to any other remedies that he may have. This dismissal is pursuant to Habeas Rule 4, which "allows the summary dismissal of a petition if 'it plainly appears from the face of the petition . . . that the petitioner is

not entitled to relief in the district court.'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).[5]

It is further ordered that Petitioner's motion to amend [Doc. No. 3] is **GRANTED** in part and **DENIED** in part. To the extent that Petitioner is merely amending his habeas petition to include a reference to *Brown*, his motion is granted. The Court, however, is not required to follow *Brown*, and to the extent that Petitioner's motion seeks re-sentencing or a discharge from the sentence for his federal drug convictions, his motion is denied.

### IV. Appealability and Denial of Leave to Proceed *In Forma Pauperis*

Should Petitioner appeal the Court's decision, he need not request a certificate of appealability because certificates of appealability are not needed to appeal the denial of a habeas corpus petition filed under § 2241 "where detention is pursuant to federal process." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Finally, the Court denies leave to proceed *in forma pauperis* on appeal, because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: July 12, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 12, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

---

[5] The rules governing cases under 28 U.S.C. § 2254 also apply to habeas petitions not filed under § 2254. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.